People v Bethea (2020 NY Slip Op 04567)





People v Bethea


2020 NY Slip Op 04567


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2018-02094
 (Ind. No. 1589/16)

[*1]The People of the State of New York, respondent,
v
Bryan Bethea, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered January 10, 2018, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of recklessly causing the death of his ex-girlfriend, who was the mother of three of his children.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court